UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 05-22829-CIV-COOKE/BROWN

RUBEN RODAS,

    Plaintiff,

vs.

JUSTA TRUCKING LINE, INC.,
a Florida corporation, ELVIRA F. ORE
and CARLOS ORE,

    Defendant.

_____/



FILED by ICM D.C.
MGC
JAN 17 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER SETTING CIVIL JURY TRIAL DATE AND PRETRIAL DEADLINES AND ORDER REFERRING TO MAGISTRATE

Pursuant to Local Rule 16.1, and the Court having considered the parties' Rule 16.1 Scheduling Report, it is hereby

ORDERED as follows:

1. **Trial Date and Calendar Call**. This case is set for trial on the Court's two-week trial period commencing **October 30, 2006, at 9:00 a.m.**, before the undersigned United States District Judge at the Federal Courthouse Square, Courtroom 6, 301 North Miami Avenue, Miami, Florida. Calendar Call shall be held on Wednesday, **October 25, 2006, at 3:00 p.m.**, at the same location. The case shall be assigned to the standard case management track.

2. **Pretrial Conference**. No Pretrial Conference shall be held in this action, unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

3. **<u>Pretrial Deadlines</u>**.  The pretrial deadlines are as follows:

[March 7, 2006]  Joinder of parties and amendment of pleadings.

[May 5, 2006]  Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within <u>ten (10) days</u> of receipt or other notice of new or revised information.

[May 15, 2006]  All <u>fact</u> discovery must be completed.

[April 10, 2006]  Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant.

[May 30, 2006]  All dispositive pretrial motions and memoranda of law must be filed, as well as any motions to exclude or limit proposed expert testimony.

[April 24, 2006]  Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff.

[May 24, 2006]  All <u>expert</u> discovery must be completed.

[July 21, 2006]  Mediation must be completed. The Court has issued concurrently herewith a separate Order of Referral.

[September 26, 2006]  (a) The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, <u>not to exceed one short paragraph per litigant claim</u>, to be read as an introduction for voir dire examination. The Court will not accept unilateral pretrial stipulations, and will strike sua sponte any such submissions. Should any of the parties fail to cooperate in the preparation of the joint

pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order. A copy of the joint pretrial stipulation shall be delivered to chambers at the time of filing, **together with a computer disk compatible with Corel WordPerfect version 11.0 (a copy may be emailed to: FLSDCookeFL@flsd.uscourts.gov);** and

(b) Proposed jury instructions and verdict form must be submitted at least TWO WEEKS prior to the beginning of the trial calendar. The parties shall submit a SINGLE JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be italicized. Instructions and questions proposed only the defendant(s) to which the plaintiff(s) object shall be bold-faced. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the basis for the objection(s) at the bottom of the sheet, before the citations of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. A copy of the proposed jury instructions and verdict form shall be delivered to chambers at the time of filing, **together with a computer disk compatible with Corel WordPerfect version 11.0 (a copy may be emailed to: FLSDCookeFL@flsd.uscourts.gov);** and

(c) Joint Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall

work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

[Fri. before Cal. Call]  The following must be filed: (a) Final proposed jury instructions. The parties shall jointly file those requested instructions as to which there is no dispute. *(A courtesy copy shall be hand-delivered to Chambers on 3.5 diskette, WordPerfect format or emailed to FLSDCookeFL@flsd.uscourts.gov);* (b) A trial witness list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination; (c) a list of witnesses with some identifying information (address or place of employment) to provide to jury; and (d) Voir Dire questions.

4. **Trial Instructions**. All exhibits must be pre-marked. The Plaintiff's exhibits shall be marked numerically preceded by the letter "P." Defendant's exhibits shall be marked numerically preceded by the letter "D." For example, Plaintiff's exhibit shall be marked P-1, P-2, P-3 etc. Likewise, Defendant's exhibit shall be marked D-1, D-2, D-3 etc. A typewritten exhibit list setting forth the number and letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

5. **Motion for Continuance**. A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least fourteen (14) days prior to the date on which the trial calendar is scheduled to commence. A continuance of the trial date will be granted only on a showing of compelling circumstances.

6. **Referral to Magistrate**. Pursuant to Rule 1 of the Magistrate Rules of the Southern District of Florida, **ALL DISCOVERY AND ALL MOTIONS FOR ATTORNEYS' FEES AND COSTS** are referred to Magistrate Judge Stephen T. Brown for appropriate resolution. It shall be

the responsibility of the respective parties in this case to note on all materials necessary to the resolution of the referred matters the name of Magistrate Judge Brown on the case number caption (i.e., Case No. 99-1234-CIV-COOKE/BROWN) and that courtesy copies of such materials shall be directed to his Chambers.

7. **Non-Compliance**. Non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

8. **Settlement**. If this case is settled, counsel are directed to inform the Court promptly by calling Chambers and submitting an appropriate order for dismissal within ten (10) days of notification of settlement to the Court, pursuant to Fed. R. Civ. P. 41(a)(1). The case will remain on the trial calendar until an order dismissing the action is entered by the Court.

**DONE AND ORDERED** in Miami, Florida, this 17 day of January, 2006.

HONORABLE MARCIA G. COOKE
UNITED STATES DISTRICT JUDGE

cc:   The Honorable Magistrate Judge Stephen T. Brown
      All Counsel of Record.